UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GILBERT RAMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01379-JPH-MKK |
| | ) |
| TINA TURNER Ofc., | ) |
| SONDRA ADAMS, | ) |
| JESSIE, | ) |
| UNKNOWN OFC., | ) |
| BOOKOUT Case Worker, | ) |
| J. ERNEST Capt., | ) |
| UNKNOWN SHIFT SUPERVISOR, | ) |
| DENNIS REAGLE Warden, | ) |
| JESSICA HEATHERLY Sgt., | ) |
| CHARLES HOUCHINS O.I.I. Members, | ) |
| COCHRON O.I.I. Members, | ) |
| PRATT O.I.I. Members, | ) |
| MALLOTT O.I.I. Member, | ) |
| CHLOE WARSHY Admin. Assist., | ) |
| TAYLOR MCCORKLE Mrs., Grievance Specialist, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Gilbert Ramon is a prisoner currently incarcerated at Indiana State Prison. He filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights while previously an inmate at Pendleton Correctional Facility ("PCF"). Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Ramon's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Officer Tina Turner; (2) Officer Sondra Adams; (3) Officer Jessie (first or last name unknown); (4) an unknown officer; (5) Caseworker Bookout; (4) Capt. J. Ernest; (5) an unknown shift supervisor; (6) PCF Warden Dennis Reagle; (7) Sgt. Jessica Heatherly; (8) Office of Internal Investigations ("OII") Officer Charles Houchins; (9) OII Officer Cochron; (10) OII Officer Pratt; (11) OII

2

Officer Mallott; (12) Administrative Assistant Chloe Warshy; and (13) Grievance Specialist Taylor McCorkle.

On August 4, 2023, the electricity for Mr. Ramon's cell was off for approximately 16 hours. Sometime thereafter Mr. Ramon complained to a caseworker about this incident, and the caseworker promised to submit an emergency work order to the maintenance department. On August 7, the electricity again went off in Mr. Ramon's cell shortly before 1 p.m. He complained to Caseworker Bookout, Officer Jessie, and Officer Turner about the lack of power, but they did not immediately turn the power back on. A little after 10 p.m., the power was restored to Mr. Ramon's cell. When Mr. Ramon talked to Officer Turner the next day, he believed she lied about her turning the power back on in his cell the previous day.

Mr. Ramon believes that Officers Turner, Adams, and Jessie conspired with an unknown officer from a different shift to leave his power off. He also believes that Sgt. Heatherly, Officer Turner, and Officer Adams harass him because he is heterosexual and they are either homosexual or bisexual. He also believes that all of the Defendants (except for the unknown officer) harass him because he is brown and native, and they are white. He states that the harassment and "mental abuse" began in February 2022. Dkt. 1 at 3.

Additionally, Mr. Ramon states that the OII officers have "retaliated" against him for his successfully challenging a placement in segregation, in which a controlled substance allegedly was planted in Mr. Ramon's cell by Officers Cochron and Pratt, by threatening to expose unspecified misconduct by Officer

3

Harmon and "possibly" Sgt. Heatherly. *Id.* at 4. Capt. Ernest also retaliated against Mr. Ramon for his threatening to expose corruption by Officer Harmon and Sgt. Heatherly and for repeated filing of grievances. He also states that OII officers retaliated against him for refusing to cooperate in an investigation. Also, OII Officer Houchins, who is Lead Investigator, fails to adequately supervise his staff.

As for Warden Reagle, he was "deliberately indifferent" for failing to adequately supervise PCF officers and staff. *Id.* And, Grievance Specialist McCorkle and Administrative Assistance Warshy have failed to timely or adequately process Mr. Ramon's grievances, which is consistent with a general PCF custom or policy of failing to timely or adequately process grievances.

Mr. Ramon is seeking injunctive relief to prevent further harassment by PCF officers and staff, as well as nominal, compensatory, and punitive damages. He also requests that the Court "to order the criminal prosecution of the abuse I've been receiving by staff." *Id.* at 5.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. First, brief power outages within a prison do not, standing alone, create an unconstitutional condition of confinement in violation of the Eighth Amendment. *See Bomer v. Lavigne*, 101 F. App'x 91, 92-93 (6th Cir. 2004) (affirming district court's screening dismissal of complaint alleging Eighth Amendment violation, where inmate's cell was without power over a weekend

4

and inmate failed to allege how he was harmed by outage, aside from lack of ventilation) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Mr. Ramon has not alleged how any temporary power outages in his cell caused him actual harm, so he has not stated any claims against any Defendants under the Eighth Amendment.

Mr. Ramon also suggests that the Defendants have discriminated against him on the basis of his sexual orientation and his race and/or national origin. The Constitution protects against disparate treatment based on membership in a protected class. *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995). To state an Equal Protection claim, Mr. Ramon must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly-situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Unfair treatment is not enough to raise an equal protection violation. *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994); *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983). Any claims brought under the Equal Protection Clause are dismissed for failure to state a claim upon which relief may be granted. This is because there is no allegation that Mr. Ramon was treated differently from similarly-situated members of an unprotected class.

Mr. Ramon also repeatedly alleges "retaliation" against him by various PCF officers and staff because of his repeated filing of grievances and his allegations

that Officer Harmon and Sgt. Heatherly have engaged in misconduct. To prevail on a First Amendment retaliation claim, Mr. Ramon "must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Assuming Mr. Ramon had adequately alleged the first and third parts of a First Amendment retaliation claim, he has not adequately alleged the second. That is, he has not identified a deprivation that would likely deter First Amendment activity in the future. He alleges that he was once improperly disciplined based on a falsified misconduct report, but also that he successfully challenged that discipline, and it is unclear how long he was disciplined or placed in segregation for this report. "A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action." *Id.* at 555 (affirming dismissal of inmate's complaint). The Court also concludes that sporadic, brief power outages in his cell, even if deliberately intended to "retaliate" against Mr. Ramon, are insufficient to show an adequate deprivation in the absence of any indication how he was concretely harmed by those outages. To the extent Mr. Ramon complains generally of "retaliation" or "harassment" against him by various Defendants, without more specifics the Court cannot conclude he has adequately stated a First Amendment claim. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (conclusory allegations not entitled to same presumption of truth as well-pleaded facts).

6

The Court also concludes that Mr. Ramon has not stated any claims with respect to the alleged "planting" of controlled substances in his cell by Officers Cochron and Pratt. Fraudulent conduct in the course of a prison disciplinary hearing is not a violation of due process. *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2019). Instead, the prisoner receives "protection from such arbitrary action . . . in the procedures mandated by due process," including the right to advance notice, exculpatory evidence, an impartial decisionmaker, and written findings. *Id.*; *see also Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* [418 U.S. 539 (1974)] are provided."). There is no allegation that Mr. Ramon was not provided with the required due process in connection with this disciplinary proceeding.

Mr. Ramon also has not stated any claims related to the processing (or failure to properly process) his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Furthermore, Mr. Ramon is currently exercising his right to petition the government for redress of grievances through this lawsuit, so he has not been harmed by any alleged mishandling of his grievances. *See Bridges*, 557 F.3d at 555. If there had been any mishandling of grievances, it would be relevant only

7

to a defense raised by a defendant that Mr. Ramon failed to exhaust administrative remedies as required by the Prison Litigation Reform Act before filing suit. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The above discussion resolves all of the claims against all of the Defendants. However, the Court additionally notes that to the extent Mr. Ramon claims OII Officer Houchins and Warden Reagle failed to adequately supervise their subordinates, "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Mr. Ramon has not sufficiently alleged personal involvement by either Officer Houchins or Warden Reagle in their subordinates' actions to sustain an action against either of them under § 1983.

Mr. Ramon is also requesting that the Court initiate criminal charges against the Defendants. But the Court has no such authority. Also, a civil plaintiff may not use a civil action to compel a criminal prosecution. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (holding that inmates lacked standing to force issuance of arrest warrants of correctional officers for beatings); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally

have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action. (Posner, J., concurring), *cert denied*, 502 U.S. 1035 (1992).

Finally, the Court also notes that to the extent Mr. Ramon seeks injunctive relief, he is no longer incarcerated at PCF. "In an action seeking injunctive relief, . . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Loertscher v. Anderson*, 893 F.3d 386, 392–93 (7th Cir. 2018) (cleaned up). "An inmate's transfer from the facility complained of moots the equitable and declaratory claims unless his return to the facility is certain." *Howe v. Godinez*, 558 F. Supp. 3d 664, 667 (S.D. Ill. 2021) (citing *Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009); *Preiser v. Newkirk*, 422 U.S. 395, 401–04 (1975)). Thus, any claims for injunctive relief related to PCF are now moot and cannot be pursued by Mr. Ramon.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've

often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **thirty days from the date of this Order to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:24-cv-01379-JPH-MKK, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 11/1/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GILBERT RAMON
171903
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only